**WIRTZ LAW APC**
Richard M. Wirtz (SBN 137812)
Amy R. Rotman (SBN 286128)
4370 La Jolla Village Drive, Suite 800
San Diego, CA 92122
Telephone: (858) 259-5009
Email: eservice@wirtzlaw.com

Attorneys for Plaintiff AMALFI VIAFARA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMALFI VIAFARA,**<br><br>    Plaintiff,<br><br>    vs.<br><br>**GENERAL MOTORS, LLC, a Delaware Limited Liability Company,**<br><br>    Defendant. | Case No.: 5:22-cv-01447-WLH-SP<br><br>**[PROPOSED] JUDGMENT** |

1  IT IS ORDERED, ADJUDGED, AND DECREED as follows:

2  1. Pursuant to the Parties' settlement agreement attached hereto as Exhibit 1, Plaintiff Amalfi Viafara shall recover settlement funds from Defendant General Motors, LLC in the amount of $90,000.00.

2. Pursuant to the Parties' agreement attached hereto as Exhibit 2, Plaintiff Amalfi Viafara shall recover attorney fees, costs, and expenses from Defendant General Motors, LLC in the amount of $35,000.00.

JUDGMENT is hereby entered against Defendant General Motors, LLC in favor of Plaintiff Amalfi Viafara.

**IT IS SO ORDERED.**

Dated: _____

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims (hereinafter the "Agreement") is made and effective as of November 6, 2023, by, between, and among AMALFI VIAFARA ("plaintiff") and GENERAL MOTORS LLC as defendant ("defendant"). Hereinafter, plaintiffs and defendant may be referred to collectively as the "parties" or individually as a "party." This Agreement is made and entered into with reference to the following facts:

      a. On or about April 19, 2019, plaintiff purchased a 2019 GMC Acadia, VIN: 1GKKNPLS9KZ297594 (hereinafter "the subject vehicle"). Plaintiff has alleged various malfunctions of the subject vehicle including defects in materials and workmanship.

      b. There is pending in the State of California, for the U.S. District Court, Central District, Case No. 5:22-cv-01447-JGB-SP, initiated by the plaintiff against defendant (the "lawsuit").

      c. The parties enter into this Agreement to settle all disputes, claims and actions arising out of or relating to the purchase, sale, lease, repair, manufacture, maintenance and/or other actions, conduct, omissions, or events alleged in the lawsuit, except for the issue of Plaintiff's attorneys' fees and costs.

      d. Without admitting any liability or wrongdoing whatsoever, the parties wish to settle and compromise all claims, disagreements and disputes arising out of the above facts and the allegations in the lawsuit.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1. <u>Recitals</u>

The recitals set forth in paragraphs (a.) through (d.) above are incorporated into this Agreement by reference.

2. <u>Surrender of the Subject Vehicle:</u>

Within 30 days of accepting this offer, Plaintiff must provide GM's counsel with any loan payoff information for the Subject Vehicle, including lender name, account number, payoff amount, and lender mailing address ("Loan Payoff Information").

No less than 45 days, but no more than 60 days, after Plaintiff provides the Loan Payoff Information to GM's counsel, Plaintiff will transfer possession of the Subject Vehicle to GM without any liens or encumbrances other than any outstanding loan payoff, and Plaintiff will execute such documents as necessary to transfer possession of and clear

title to the Subject Vehicle to GM on a mutually agreeable date, time, and location. Plaintiff further understands and agrees that, at the time of scheduling this transfer of possession of the Subject Vehicle, Plaintiff may be required to provide an updated loan payoff amount to ensure the loan is paid off in full.

    3.    <u>Payments by Defendant, General Motors LLC</u>:

        (i)    GM will pay AMALFI VIAFARA ("Plaintiff") $90,000 ("Settlement Funds"). This amount includes any loan payoff for Plaintiff's 2019 GMC Acadia 1500, VIN: 1GKKNPLS9KZ297594 (the "Subject Vehicle"), which is the subject of this action.

        (ii)    No later than 10 business days after the transfer of possession of the Subject Vehicle and execution of transfer documents referenced in section 2 above, GM will send via overnight mail the loan payoff check to the lender, <u>and</u> no later than 3 business days after the transfer of possession of the Subject Vehicle and execution of transfer documents referenced in section 2 above, GM will send via overnight mail a check to Plaintiffs' counsel of record for the settlement funds ($90,000.00), minus any loan payoff amount as set forth above.

        (iii)    In addition to the Settlement Funds, GM will pay Plaintiff's attorney fees, costs, and expenses actually and reasonably incurred in the commencement and prosecution of this action, including post-offer acceptance attorney fees, costs, and expenses incurred in performing on the settlement and/or completing the case, pursuant to Civil Code section 1794(d), which may be resolved by agreement of the parties or, if the parties cannot agree, upon one properly noticed motion to the Court. For purposes of any such motion, GM will agree that Plaintiff is the prevailing party in this action under section 1794(d). Defendant shall not object to the filing of the motion for attorney fees, costs, and expenses in one consolidated motion. Defendant reserves the right to file an opposition to Plaintiff's Motion. The Court shall award costs pursuant to Civil Code section 1794(d) and this paragraph, not the typical Federal Procedures associated with an Application to the Clerk to Tax Costs. The parties waive any statutory deadline for filing the bill of costs or motion for attorney's fees and Defendant agrees to sign a stipulation to extend Plaintiffs' deadline to file the Motion for Fees, Costs, and Expenses to at least 60 days after the Settlement Funds are received by Wirtz Law, and/or to cooperate with Plaintiffs' counsel to acquire such an extension. Defendant shall pay the amount of fees, costs, and expenses awarded by the Court within 30 days of the Court's order on same.

///
///

4. <u>Dismissal of the Lawsuit</u>

Following the payment of all amounts required by this agreement (including attorney's fees, costs, and expenses) Plaintiff shall file with the Court a request for dismissal of the entire action with prejudice signed by Plaintiff's counsel.

5. <u>Plaintiff's Release of Claims Against Defendants</u>

As additional consideration paid to defendants for entering into this Agreement, Plaintiff does hereby fully and forever remise, release and discharge defendants, as \well as their predecessors, successors, parent corporations, subsidiaries, affiliates, dealers, directors, officers, partners, heirs, executors, administrators, attorneys, agents, employees and assigns, and each of them, from any and all claims, demands, rights and causes of action of whatsoever kind and nature, whether known or unknown, accrued and not yet accrued, that Plaintiff may now have, or may ever obtain, arising out of or in any way related to Plaintiff's claims relating to the subject vehicle, and/or the actions, conduct or omissions, or events alleged in the lawsuit.

Plaintiff is not aware of any claims for product liability or personal injury or property damage as of the date of this release. Notwithstanding the above, this Agreement shall not apply in any way to any action, legal or otherwise, which relates to the vehicle, and which is based upon products liability or any other legal theory relating to personal injuries and/or property damage.

This release shall not take effect until the vehicle has been surrendered and is no longer titled, registered, or affiliated in any manner with Plaintiff, and until Defendants have performed all material terms of this agreement, including but not limited to payment of the Settlement Funds and attorney's fees, costs, and expenses. It shall be Defendants' obligation to ensure the ownership of the vehicle is timely transferred.

6. <u>Disclaimer of Liability</u>

It is understood and agreed that this Agreement and settlement is a compromise of disputed claims, and that neither the payment of the sums specified above, nor the negotiation of this Agreement shall be considered an admission of liability whatsoever by any party to this Agreement.  It is understood that the defendants have denied, and presently deny, the allegations of the lawsuit and that no past or present wrongdoing on the part of the defendants shall be implied from any payments, negotiations, or entry into this Agreement.

7. <u>Interest</u>

If GM does not timely perform any of the terms stated above in paragraphs 2-3, Plaintiff shall be entitled to interest, at the rate of 10% per annum, from the date of

settlement until GM fulfills all its obligations under this agreement. If circumstances caused by Plaintiff cause the surrender to be delayed beyond the 60-day deadline, then no interest shall accrue for the time period of delay caused by Plaintiff.

        8.    <u>Representation of Comprehension of Document</u>

In entering into this Agreement, each of the parties hereto represents that they have read the contents of this Agreement, that the terms contained herein have been fully explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by them, that they have relied upon legal advice of their respective attorneys, who are the attorneys of their own choosing, and hereafter no such party shall deny the validity of this Agreement on the ground that it did not have advice of counsel.

        9.    <u>Miscellaneous Provisions</u>

    a.    This Agreement shall be binding upon, and inure to the benefit of, the executors, administrators, heirs, assigns and successors of each party hereto.

    b.    Each party to this Agreement warrants and represents that they are fully and properly authorized to enter into this Agreement and that all necessary corporate, administrative, or governmental approvals have been obtained prior to execution of this Agreement.

    c.    The parties shall promptly execute any and all further or additional instruments and will perform any acts which may become necessary in order to effectuate and carry out the purposes of this Agreement.

    e.    This Agreement constitutes the entire agreement of compromise and settlement between the parties. This Agreement shall not be altered or amended except by a writing signed by the party or parties to be charged with such alteration or amendment.

    f.    This Agreement is being executed and delivered, and is intended to be performed, in the State of California, and to the extent permitted by law, the execution, validity, construction and performance of this Agreement shall be construed and enforced in accordance with the laws of this State. This Agreement shall be deemed made and entered in Los Angeles County.

    g.    This Agreement shall not be construed against any party on the basis that party's attorney drafted this Agreement.

    h.    Defendant shall bear its own attorney's fees and costs.

    i.    The parties agree that that the Court shall retain jurisdiction pursuant to Code of Civil Procedure section 664.6 to enforce the terms of this Agreement.

IN WITNESS THEREOF, each of the undersigned has executed this Settlement Agreement and Release of All Claims.

**PLAINTIFF**

Dated: 11 / 08 / 2023

_____
AMALFI VIAFARA

**DEFENDANT GENERAL MOTORS LLC**

Dated: November 6, 2023

_____
Cameron Major
Attorney for General Motors LLC

# EXHIBIT 2

**Rebecca Evans**

| | |
|---|---|
| **From:** | Cameron Major <cmajor@erskinelaw.com> |
| **Sent:** | Thursday, March 14, 2024 1:11 PM |
| **To:** | Amy Rotman; Erica Rots |
| **Cc:** | Electronic Service – Wirtz Law APC; Mary Arens-McBride; Jenna Hardin |
| **Subject:** | Re: Amalfi Viafara v. GM - Plaintiff's Demand to Resolve Attorney's Fees, Costs, and Expenses |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Hello Amy,

I've discussed with my client and we're amenable to resolving all fees and costs for $35,000.

Erica Rots is cc'd here and she will be handling the payment of the attorney fees so please coordinate with her. I will get this in motion on our end now though.

I presume we can get the joint motion to dismiss once you get payment of fees.

Best,
Cameron Major



1592 N. Batavia Street., Ste 1A
Orange, CA 92867
Documents served to Erskine Law Group by email must be served to: **eservice-ca@erskinelaw.com**
The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail and delete the original message and all copies from your system.

**From:** Amy Rotman <arotman@wirtzlaw.com>
**Sent:** Thursday, March 14, 2024 9:38 AM
**To:** Cameron Major <cmajor@erskinelaw.com>; Erica Rots <erots@erskinelaw.com>
**Cc:** Electronic Service – Wirtz Law APC <eservice@wirtzlaw.com>; Mary Arens-McBride <marensmcbride@erskinelaw.com>
**Subject:** RE: Viafara v. GM - Plaintiff's Demand to Resolve Attorney's Fees, Costs, and Expenses

**CAUTION:** This email originated from outside of Erskine Law. Do not click or open any attachments unless you recognize the sender and know the content is safe.

Hi Cameron:

Plaintiff counters at $35,000 (the midpoint). I hope we can wrap it up at this number. Please advise when you can.

1

Thank you,

Amy Rotman
Senior Attorney
arotman@wirtzlaw.com



**San Diego HQ:**  4370 La Jolla Village Drive, Suite 800, San Diego, CA 92122
**Los Angeles:**  10866 Wilshire Blvd., Suite 300, Los Angeles, CA 90024
**Orange County:**  384 Forest Ave, Suite 17, Laguna Beach, CA 92651

**833-4MY-LEMON**
**San Diego**      858.259.5009
**Los Angeles**   310.556.2121
**Websites**       www.wirtzlaw.com

WARNING: This e-mail (and attachments) is intended only for the recipient and may contain confidential, proprietary, or legally privileged material. Do not review, forward, disclose, or rely upon this e-mail unless you are the intended recipient. If you receive this message in error, please contact the sender and delete the e-mail (and attachments) immediately.